UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD J. SIMPSON,

    Plaintiff,                     CIVIL ACTION NO. 06-12921

v.                                 DISTRICT JUDGE BERNARD A. FRIEDMAN

GENESEE COUNTY             MAGISTRATE JUDGE DONALD A. SCHEER
SHERIFF'S DEPT, et. al.,

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Defendant Lloyd's Motion to Dismiss should be GRANTED, as Plaintiff has failed to establish violations of his federally secured constitutional rights by any deliberate indifference to his serious medical needs. The Complaint against the remaining defendants should be dismissed for failure to allege specific, personal wrongdoing on the part of the individuals named.

\*   \*   \*

Plaintiff, while incarcerated at the Muskegon Correctional Facility, in Muskegon, Michigan (KCF),[1] filed an Amended Complaint, pursuant to 42 U.S.C. § 1983, on September 18, 2006, against twenty one supervisory officials and medical personal employed at the Genesee County Jail[2], alleging that they had been deliberately indifferent

---

[1] Plaintiff is still incarcerated at KCF, located at 2400 S. Sheridan Drive in Muskegon, Michigan 49442.

[2] The Court dismissed the Genesee County Sheriff's Department and the Genesee County Jail as defendants in this action in July 2006 (Docket #3).

to his serious medical needs.  Specifically, Plaintiff asserts that he was denied adequate medical care for a chronic lung condition. Claiming violations of his Eighth Amendment rights under the federal Constitution, Plaintiff sought monetary damages.

Defendant Lloyd, a physician employed by the county jail, filed a Motion to Dismiss, on April 9, 2008, based upon a failure to state a claim of a lack of proper medical care. Dr. Lloyd denied any deliberate indifference to a serious medical need.  He maintained that he was not deliberately or wantonly indifferent to Plaintiff's serious medical needs, and that he did not knowingly refuse to provide urgently needed medical care so as to cause residual injuries which could have been prevented with timely attention.  Plaintiff filed a response to the Motion to Dismiss on May 12, 2008, contending that the doctor consciously disregarded a risk of harm to his health in violation of the Eighth Amendment.

INADEQUATE MEDICAL TREATMENT

In order to establish an Eighth Amendment claim for improper or inadequate medical treatment, a prisoner must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Mere negligent inattention to a prisoner's request for assistance does not offend substantive due process under the Fourteenth Amendment, Davidson v. Cannon, 474 U.S. 344 (1986), and medical malpractice does not become a constitutional violation merely because the victim is a prisoner. Estelle, 429 U.S. at p. 106.  Basically, there must be a knowing failure or refusal to provide urgently needed medical care which causes a residual injury that could have been prevented with timely attention. The court must consider the wide discretion allowed prison officials in their treatment of prisoners under authorized medical procedures. Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir. 1976).

A review of the circumstances here clearly reveals that Plaintiff's medical needs were not addressed with "deliberate indifference," "intentional delay," or "delay of access to medical care." Estelle, 429 U.S. at 104-105. Plaintiff acknowledged in the Amended Complaint that he received immediate medical treatment for his lung condition shortly after his incarceration at the jail as a pretrial detainee in June 1999. He alleges, however, that Dr. Lloyd knew that he had chronic obstructive lung disease, but failed to disclose that diagnosis to him. Plaintiff maintains that he did not actually learn that he had lung disease until November 2004, at which time the condition was no longer treatable (See ¶11 of Amended Complaint).

Even accepting the facts as provided by Plaintiff, the record is clear that Defendant Lloyd was not deliberately or wantonly indifferent to his serious medical needs. The doctor did not knowingly refuse to provide urgently needed medical care, and his conduct did not lead to residual injuries which could have been prevented with timely attention. Plaintiff fails to allege any facts to support his conclusory allegations the Dr. Lloyd was aware he had chronic lung disease in 1999, but failed to take any corrective medical action.

At most, Plaintiff has stated a claim of medical negligence against Dr. Lloyd for not recognizing and treating his lung condition more aggressively when symptoms first appeared. As mentioned above, negligence on the part of the defendant does not rise to the level of deliberate indifference. Although Plaintiff may not be happy with the treatment he has received for his lung problems while detained at the county jail, the record demonstrates that health care personnel were at all times responsive to his medical condition. According to medical records attached to Defendant Lloyd's Motion to Dismiss,

an X-ray of Plaintiff's chest taken on August 6, 1999, did not indicate that he had chronic lung disease (Exhibit E attached to Motion to Dismiss).

In situations such as this, where there is a substantial record of medical treatment, or simply a difference of opinion between a prisoner and prison doctors, the requisite deliberate indifference has usually been held not to exist. Smart v. Villar, 547 F.2d 112, 114 (10th Cir. 1976); Mayfield v. Craven, 433 F.2d 873 (9th Cir. 1970). While Plaintiff makes broad conclusory allegations against Dr. Lloyd, he does not link this defendant to any specific incident in which he was personally indifferent to his medical needs. Plaintiff conclusory allegations are insufficient to state a claim upon which relief can be granted.

## DISMISSAL OF REMAINING PARTIES

Plaintiff sued twenty other supervisory and medical personnel employed at the Genesee County Jail. All but one remain unserved to date. Nevertheless, the Complaint against them should be dismissed for failure to allege specific, personal wrongdoing on the part of the individuals named.

Plaintiff named six supervisory officials at the jail claiming that they had "failed to provide adequate and qualified staff." (See ¶14 of Amended Complaint). The general rule is that a claim for monetary damages under § 1983 requires the averment of some specific, personal wrongdoing on the part of the individual defendant. Theories of vicarious liability or respondeat superior are not sufficient. Rizzo v. Goode, 423 U.S. 362, 376 (1976). A supervising official's failure to supervise, control or train an offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it." Poe v. Hayden, 853 F.2d 418, 429 (6th Cir. 1988).

Plaintiff also sued fourteen physicians and nurses, in addition to Dr. Lloyd, who allegedly "failed to take corrective action" after learning of his lung condition (¶14 Amended Complaint). While Plaintiff makes broad conclusory allegations against these medical personnel, he does not link any defendant to a specific incident in which they were personally indifferent to his medical needs. Plaintiff conclusory allegations are insufficient to state a claim upon which relief can be granted.

For the foregoing reasons, it is recommended that Defendant Lloyd's Motion to Dismiss should be GRANTED, as Plaintiff has failed to establish any violations of his federally secured constitutional rights by any deliberate indifference to his serious medical needs. The Complaint against the remaining defendants should be dismissed for failure to allege specific, personal wrongdoing on the part of the individuals named. The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Friedman's acceptance thereof is waived.

                                          s/Donald A. Scheer
                                          DONALD A. SCHEER
                                          UNITED STATES MAGISTRATE JUDGE

DATED: May 28, 2008

_____

**CERTIFICATE OF SERVICE**

I hereby certify on May 28, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on May 28, 2008. **None.**

                                          s/Michael E. Lang
                                          Deputy Clerk to
                                          Magistrate Judge Donald A. Scheer
                                          (313) 234-5217